# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:06-cv-278

| | |
|---|---|
| JOE P. PRITCHARD and IRIS K. PRITCHARD,<br><br>Plaintiffs,<br><br>v.<br><br>ELIZABETH JILL SLADOJE,<br><br>Defendant. | ORDER |

**THIS MATTER** is before this Court upon Defendants' "Motion to Dismiss" (Document #8) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons stated below, this Motion is GRANTED.

**BACKGROUND**

Plaintiffs Joe and Iris Pritchard ("Pritchards") bring a personal injury and property damage action against Defendant Elizabeth Jill Sladoje ("Sladoje") stemming from a car accident that occurred on July 7, 2003. Both the Pritchards and Sladaje are domiciled in North Carolina.

The Pritchards bring their case pursuant to the Equal Protection Clause of the 14th Amendment to the United States Constitution. They allege that North Carolina's contributory negligence law violates the Equal Protection Clause and therefore, jurisdiction in proper in Federal Court.

## ANALYSIS

### Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When evaluating its jurisdiction, a court is to regard the pleadings as evidence on the issue but may also consider evidence outside the pleadings without converting the motion to one for summary judgment. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Under Rule 12(b)(1), a plaintiff must demonstrate subject matter jurisdiction. *See Jones v. American Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

Federal courts have subject matter jurisdiction over a case in two ways. The first is where the matter in controversy exceeds $75,000 and is between "citizens of different States." *28 U.S.C. § 1332(a)(1).* A federal court can also have jurisdiction is if the case arises under the Constitution and laws of the United States.

In this case, the Pritchards fail to demonstrate the requirement of diversity. The Pritchards identify themselves as domiciled in North Carolina, and Sladaje also identifies herself as a citizen of and domiciled in North Carolina. Thus, diversity of parties does not exist.

The Pritchards do, however, allege that their case is properly in this Court because they present a federal question: whether North Carolina's law of contributory negligence violates the 14th Amendment. Leaving aside questions of abstention and concurrent jurisdiction for the moment, this Court will move to the analysis of the Pritchards' claim under Rule 12(b)(6).

Rule 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief may be granted should be allowed if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Greenhouse v. MCG Capital Corp.,* 392 F.3d 650, 655 (4th Cir 2004). A motion to dismiss should be granted if the complaint itself fails to allege the elements for a cause of action or facts sufficient to support such elements. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.), *cert. denied,* 540 U.S. 940 (2003). Moreover, "allegations must be stated in terms that are neither vague nor conclusory." *Estate Constr. Co. V. Miller & Smith holding Co.,* 14 F.3d 213, 220 (4th Cir. 1994).

Here, the Pritchards assert that "North Carolina is one of only two states that have contributory negligence law," and that law violates the Equal Protection Clause. But the Supreme Court has held contributory negligence to be constitutional:

> "Those aspects of a State's tort regime that defeat recovery are not constitutionally invalid, so long as there is no fundamental unfairness in their operation. Thus defenses such as contributory negligence or statutes of limitations may defeat recovery in particular cases without raising any question about the constitutionality of a State's procedures for disposing of tort litigation."

*Daniels v. Williams v. Cannon*, 474 U.S. 327 (1986). Since contributory negligence is constitutional, the Pritchards fail to state a cognizable claim upon which relief can be granted.

Accordingly, Defendant's Motion to Dismiss is GRANTED.

Signed: March 28, 2007

Graham C. Mullen
United States District Judge